(May 31, 1955.)

■

PAUL BENTON, Doing Business under the Name of BENTON ASSOCIATES, Respondent, v. KENNEDY-VAN SAUN MFG. & ENG. CORPORATION, Appellant, et al., Defendants.

*Per Curiam.* The action is brought by plaintiff as a creditor of Caribbean Construction (hereinafter called "Caribbean"), which had a contract for the erection of a cement plant in Haiti, and hired defendant Kennedy-Van Saun Mfg. & Eng. Corporation (hereinafter called "Kennedy") to install certain equipment. Plaintiff also contracted with Caribbean to furnish engineering services and supply various materials in connection with the work. Plaintiff, in effect, complains that Kennedy interfered with performance of the principal contract by Caribbean, and caused the project to be terminated or turned over to another in order to get advantage for itself, and that this in turn deprived plaintiff of the benefit of his contract. The complaint alleges settlement by Caribbean of its suit against Kennedy as part of a first cause of action, and asks that this settlement be set aside as to plaintiff. A second cause of action seeks damages for unlawful interference with plaintiff's contract rights.

This is the fourth complaint in the action (see 284 App. Div. 843).

We find that the first cause of action is insufficiently pleaded. It fails to show that Caribbean's contract was of such benefit as to constitute an asset, and is defective in other respects.

As to the second cause of action for unlawfully inducing a breach of contract, we think that the complaint as presently drawn is insufficient and rests largely on conclusory allegations. We are not prepared at this time to say, however, that a sufficient cause of action for unlawful interference with contract rights can not be pleaded. The question of whether the action taken by Kennedy affected plaintiff directly or only so remotely as to afford him no remedy need not be passed upon until a complaint addressed solely to such a cause of action is presented. "But neither in contract nor in tort have duties been extended very far beyond the immediate parties to the facts out of which a cause of action is said to arise." (*Isbrandtsen Co. v. Local 1291 of Int. Longshoremen's Assn.*, 204 F. 2d 495, 498, per GOODRICH, C. J.; see, also, Restatement, Torts, § 766, Comment k.)

The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted, with leave to plaintiff to serve an amended complaint as to the second cause of action.

PECK, P. J. (dissenting in part). It is unfortunate that it has taken a third amended complaint for plaintiff to state his alleged causes of action and that even now the complaint is not drawn with sufficient clarity and delineation of causes of action. The complaint does, however, in my opinion, state facts sufficient to constitute two causes of action and I would not dismiss either for failure to state a cause of action, but would require plaintiff to amend once more to put his complaint in proper order.

The first cause of action purports to state a cause of action under article 10 of the Debtor and Creditor Law to set aside as fraudulent a settlement and release of a claim by defendant Caribbean against defendant Kennedy, in

order that plaintiff, as a creditor of Caribbean, may enforce that claim as the only asset of Caribbean. The second cause of action is by plaintiff against defendant Kennedy for alleged interference with plaintiff's contract with Caribbean. Despite the fact that these are two separate and distinct causes of action, the allegations supporting both causes of action are mixed up in the statement of the first cause of action, and the statement of the second cause of action is merely a statement of a conclusion following from the facts alleged in the first cause of action. Furthermore, the prayer for relief in respect to the first cause of action is incomplete.

The essential allegations of the first cause of action are the contract between plaintiff and Caribbean on the one hand and the contract between Caribbean and the Haitian company on the other; the breach of the first contract by Caribbean, giving rise to a cause of action in favor of plaintiff against Caribbean; the alleged unlawful interference with the second contract by Kennedy, giving rise to a cause of action in favor of Caribbean against Kennedy; the fraudulent settlement and release of Caribbean's claim against Kennedy, depriving plaintiff of a source of satisfaction of his claim against Caribbean. The relief demanded would be the setting aside of the settlement and release in order that plaintiff, as a creditor of Caribbean, may prosecute Caribbean's claim against Kennedy.

The second cause of action should contain the essential facts of defendant Kennedy's interference with plaintiff's contract with Caribbean. I would agree that it was not a sufficient predicate for such a cause of action merely to allege a tortious interference by Kennedy with Caribbean's contract with Haitian, with alleged incidental effects on plaintiff. I believe that the complaint is sufficient in essence, however, in alleging that defendant Kennedy's tortious acts were also aimed directly at plaintiff, and the destruction of plaintiff's contract with Caribbean and appropriation by defendant Kennedy of the work, rights and benefits which plaintiff would have enjoyed under its contract with Caribbean except for Kennedy's predatory interference.

I therefore vote to affirm the order appealed from insofar as it denies the motion to dismiss the complaint for insufficiency, but vote to modify the order to require plaintiff to restate the causes of action in accordance with the directions of this opinion.

Cohn, Callahan and Botein, JJ., concur in *Per Curiam* opinion; Peck, P. J., dissents in part in opinion in which Bastow, J., concurs.

Order reversed, with $20 costs and disbursements to the appellant and the motion granted, with leave to the plaintiff to serve an amended complaint as to the second cause of action.